UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICKY IOLA CHAPMAN,

        Plaintiff,

v.                                                   Case No. 07-C-579

MICHAEL ASTRUE,

        Defendant.

**DECISION AND ORDER**

Plaintiff appeals the decision of the administrative law judge denying Social Security benefits on the ground that the plaintiff was not disabled. The ALJ's opinion constitutes the final decision of the Commissioner when the Appeals Council denies review. *Haynes v. Barnhart,* 416 F.3d 621, 626 (7th Cir. 2005). The ALJ's decision will be affirmed if it is supported by substantial evidence, which means evidence that a reasonable mind might accept as adequate to support the result. 42 U.S.C. § 405(g). "In rendering a decision, the ALJ must build a logical bridge from the evidence to his conclusion." *Haynes,* 416 F.3d at 626. The ALJ need not provide a "complete written evaluation of every piece of testimony and evidence." *Id.* (quoting *Diaz v. Chater,* 55 F.3d 300, 308 (7th Cir. 1995)). However, if the ALJ commits an error of law, the district court must reverse regardless of the volume of evidence in support of the factual findings. *Binion v. Chater,* 108 F.3d 780, 782 (7th Cir. 1997).

Plaintiff was *pro se* at her hearing and remains unrepresented by counsel, and I note at the outset that is clear from the record her waiver of counsel was knowing and voluntary. (Tr. 418-19.)

The plaintiff argued for disability based on a number of ailments, including sleep apnea, carpal tunnel syndrome, low back pain, depression and irritable bowel syndrome. Many of these conditions appeared due in part to obesity. Plaintiff had been employed in a number of jobs until 2002 and had engaged in several hobbies; in all of her mental health interviews she appeared pleasant and communicative.

The ALJ denied benefits based on her finding that the plaintiff maintained a residual functional capacity ("RFC") for light work. In other words, although the ALJ found that the plaintiff suffered from a number of disabilities of varying severity, plaintiff nevertheless was able to engage in types of work that did not require, for example, working in high places or exposure to dangerous machinery. The plaintiff has filed briefs in this court explaining her disabilities and how they affect her life, but this court does not undertake a *de novo* (fresh) review of the evidence – instead, as noted earlier, this court reviews the ALJ's decision only to determine whether it was supported by substantial evidence. The Seventh Circuit has outlined that standard of review as follows:

> We will affirm the ALJ's decision if it is supported by substantial evidence in the record, *Boiles v. Barnhart,* 395 F.3d 421, 425 (7th Cir. 2005); see also 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart,* 381 F.3d 664, 668 (7th Cir. 2004) (quotation and citation omitted). "Substantial evidence must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue,* 478 F.3d 836, 841 (7th Cir. 2007). "When reviewing for substantial evidence, we do not displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations." *Id*. (citing *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003)). "In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether [the claimant] is disabled, we must affirm the ALJ's decision denying benefits." *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

*Schmidt v. Astrue,* 496 F.3d 833, 841-42 (7th Cir. 2007).

My review of the records demonstrates that the ALJ's conclusion was supported by substantial evidence, in particular the medical evidence in the record. For example, the state agency physicians who reviewed plaintiff's files concluded that plaintiff retained the RFC for light work. (Tr. 272-293); *Schmidt v. Barnhart,* 395 F.3d 737, 745 (7th Cir. 2005), *Flener ex rel. Flener v. Barnhart,* 361 F.3d 442, 448 (7th Cir. 2004) ("It is appropriate for an ALJ to rely on the opinions of physicians and psychologists who are also experts in social security disability evaluation.") In addition, there were no significant limitations placed on the plaintiff by physicians over the years, and the treatment for her various problems was markedly conservative. When a plaintiff appears at a hearing and offers complaints of disabling pain unsupported by any medical evidence that the pain is so severe, or that the depression is so crippling, an ALJ is entitled to consider the entirety of the evidence rather than relying solely on the plaintiff's own testimony.

Normally a plaintiff appealing an ALJ's determination can point to medical evidence that the ALJ either overlooked or discounted – the argument being that the ALJ should have given that evidence more weight – but here there were no records or diagnoses that cut the other way. In other words, not only was the ALJ's decision supported by the evidence, it was not contradicted by any medical evidence at all suggesting that the plaintiff lacked the ability to engage in some gainful employment. There were no significant physician-imposed work restrictions and no severe injuries or mental impairments that would lead to the conclusion that the plaintiff could not hold a light work job. Although the plaintiff's ailments and other conditions no doubt make life more difficult – even accepting the ALJ's finding that she was a less than credible witness – the record does not establish that the plaintiff could not be gainfully employed.

3

In this court the plaintiff has suggested that she was uncomfortable testifying before the ALJ about her bowel problems and other personal matters, and she further complains that her credibility was attacked unfairly because of her obesity. The court grants that testimony about sensitive medical issues may indeed cause embarrassment or discomfort, but there is no indication that plaintiff's hearing was unfair or that she was not allowed to present her case for disability. Nor is there any indication that the case turned on the plaintiff's credibility or was influenced by her obesity. Although the ALJ made an adverse ruling on that point, the ALJ's decision is founded on the fact that there is there was almost no medical evidence in the record to support a claim that the plaintiff was unable to be engaged in gainful activity. That conclusion was supported by substantial evidence. Accordingly, the ALJ's decision is **AFFIRMED** and the case is **DISMISSED**.

**SO ORDERED** this   7th   day of May, 2008.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge